IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FINNING INTERNATIONAL INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-5080 |
| | § | |
| DANIEL E. DAVIS and | § | |
| DAVCRANE, INC., | § | |
|     Defendants. | § | |

## ORDER

This case is before the Court on Defendants' Motion for Reconsideration or Motion for New Trial Regarding the Memorandum and Order and Final Judgment of April 11, 2005 ("Defendants' Motion") [Doc. # 50]. Because Defendants' Motion was filed within ten business days after Final Judgment was entered, the Court will treat it as a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004).

A Rule 59(e) motion is a motion that "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Rule 59(e) is properly invoked "to correct manifest errors of law or fact or to present newly discovered evidence." *In re TranstexasGas Corp.*, 303 F.3d at 581 (citations and quotations omitted). A motion for reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simmons v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Similarly, a

Rule 59(e) motion is properly denied if it "merely reiterated the arguments the district court considered and rejected in its original rulings." *Robinett v. State Farm Mutual Auto. Ins. Co.*, 83 Fed. Appx. 638, 640 (5th Cir. 2003), *cert. denied*, __ U.S. __, 124 S. Ct. 2175 (2004).

Defendants in their motion take issue with Congress's determination that Courts should defer to arbitration awards. Although the Court shares some of Defendants' concerns about the arbitration process, the arbitration process in this case was conducted pursuant to an arbitration clause contained in a contract agreed upon and entered into by the parties themselves. Moreover, as conceded by Defendants, this Court must follow the standards of review imposed by Congress.

The remainder of Defendants' motion involves a restatement of the arguments presented by Defendants in their pre-judgment briefing. These arguments were rejected by the Court in its April 11, 2005 Memorandum and Order and Defendants have presented no legal basis for the Court to change its prior ruling. Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Reconsideration or Motion for New Trial Regarding the Memorandum and Order and Final Judgment of April 11, 2005 [Doc. # 50] is **DENIED**.

SIGNED at Houston, Texas, this **10th** day of **May, 2005.**

Nancy F. Atlas
United States District Judge